IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN JASON HOULIHAN | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | _____ |
| | § | |
| | § | |
| FTS INTERNATIONAL SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Stephen Jason Houlihan, complaining of Defendant FTS International Services, LLC, would show as follows:

### Parties

1. Plaintiff was employed by Defendant beginning in June 2011 and ending in October 2016 as a logistics dispatcher.

2. FTS is a limited liability company and may be served through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

### Jurisdiction and Venue

3. Subject matter jurisdiction of this Court over this action exists under 28 U.S.C. §1331 based on Plaintiff's federal claim under 29 U.S.C. §201 et seq., the Fair Labor Standards Act (the "FLSA"). Venue is proper.

### Facts

4. Defendant operates a well completion service, performing fracking of oil and gas wells and delivering sand at oil and gas drill sites.

COMPLAINT - Page 1

5. Plaintiff began employment with Defendant in June 2011 as a purportedly exempt salaried employee, although he was misclassified as such as he was neither a professional, administrative or executive employee under the FLSA nor otherwise exempt under the FLSA and not paid overtime. From March 2016 through October 2016, after, on information and belief, Defendant realized it had misclassified Plaintiff, Plaintiff was employed by Defendant on an hourly basis at a $20 hour wage, and paid overtime compensation.

6. Plaintiff should have been paid overtime compensation for 20 hours per week over 40 between February 2014 and March 2016 as he was scheduled during that time for no less than 60 hours per week on the basis of a five day 12 hours per day schedule with three days off in between such shifts, and then beginning in or around September, a four days on/ four days off schedule at 14 hours per day. Plaintiff also worked occasionally for additional hours before and after each days' assigned work schedule. Also, because of the unavailability of a coworker, Plaintiff worked 14 days straight during mid-2014 on one occasion 12 hours each day.

7. Defendant lacked a good faith reasonable belief that Plaintiff was an exempt employee under the FLSA prior to March 2016.

## Causes of Action

8. For his cause of action, Plaintiff would show that Defendant is liable under Section 216(b) of the FLSA for overtime compensation due but not paid in violation of Section 206(a)(1)(c) of the FLSA, liquidated damages, prejudgment interest and attorneys' fees and expenses and costs of court. The total of the overtime compensation and liquidated damages is at least $105,000 based on Plaintiff's hourly equivalent of his salary as of the end of the period he was not paid overtime.

9. Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which he is entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 379-0831
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF