IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 5 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| STEPHEN JASON HOULIHAN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-170-A |
| | § | |
| FTS INTERNATIONAL SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion for partial summary judgment filed by defendant, FTS
International Services, LLC, in the above-captioned action,
wherein defendant seeks summary judgment on all of the claims of
plaintiff Stephen Jason Houlihan ("Houlihan") against it.  Having
considered the motion, Houlihan's response, the reply, the entire
summary judgment record, and applicable legal authorities, the
court finds that the motion should be granted.

I.

Background

Plaintiff Houlihan initiated this action on February 2,
2017, by the filing of an original complaint in the United States
District Court for the Northern District of Texas, Dallas
Division.  The above-captioned action was originally assigned to
the docket of Judge Ed Kinkeade.  On February 22, 2017, Judge

Kinkeade transferred the action to the Fort Worth Division of the
Northern District of Texas, where it was assigned to the docket
of the undersigned. On February 27, 2017, a document titled
"First Amended Complaint With Jury Demand" was filed, naming John
Sample ("Sample") as a second plaintiff to the action. On March
8, 2017, an attempt was made at filing a document titled "Second
Amended Complaint with Jury Demand" wherein Houlihan and Sample
attempted to add a third plaintiff, Carl Lewis ("Lewis"), to
their above-captioned action, but such document was unfiled and
stricken from the record for failure to comply with Rule 15(a)(2)
of the Federal Rules of Civil Procedure and due to the court's
observation that plaintiffs had not followed the appropriate
procedures, as laid out by § 216(b) of the Fair Labor Standards
Act ("FLSA"), for adding additional plaintiffs to the present
action. Then, on April 11, 2017, in an attempt to cure the
deficiencies noted in the March 9, 2017 order, and to comply with
the requirements of § 216(b), Houlihan, Sample, and Lewis filed
with the court their consents to become party plaintiffs, as
required under § 216(b), as well as a motion for leave to file a
second amended complaint, which named Lewis as a third plaintiff.
Before a decision was reached on plaintiffs' motion to file their
second amended complaint, plaintiffs filed an unopposed motion
for severance, requesting that the court sever the claims of each

2

individual plaintiff against defendant into separate actions. On April 24, 2017, the parties filed their Joint Status Report, which stated that the earlier motion for leave to file a second amended complaint was mooted. On April 25, 2017, the court declined plaintiffs' request to sever the claims of each defendant into a separate action, and further denied plaintiffs' motion for leave to file a second amended complaint naming Lewis as a third plaintiff. On October 20, 2017, defendant filed the motion for summary judgment now under consideration.

## II.

### Plaintiffs' Claims

Plaintiffs' live pleading is their first amended complaint, in which they asserted that defendant is liable to both of them under Section 216(b) of the Fair Labor Standards Act ("FLSA"), for unpaid overtime compensation, as well as liquidated damages, prejudgment interest, and attorneys' fees, expenses, and costs of court. Doc. 8[1] at 3.

## III.

### Grounds of the Motion

As to the claims of Houlihan, defendant contends that summary judgment is warranted for three reasons: (1) Houlihan signed a collective action waiver that requires him to bring any

---

[1] The "Doc. __" reference is to the number of the item on the court's docket in this action.

action against defendant on an individual basis, and therefore,

he cannot be a party to this action; (2) defendant properly

categorized Houlihan as an exempt employee, and as a result of

such categorization, Houlihan is not entitled to the overtime

compensation he seeks; and (3) "in the event [defendant] is found

after a trial on the merits to have misclassified Houlihan, the

fluctuating workweek method applies to determine any overtime

compensation owed to him." Doc. 27 at 2. Defendant does not

seek summary judgment on Sample's claims against it.

VI.

Undisputed Facts

The following is an overview of evidence pertinent to the

motion for summary judgment that is undisputed in the summary

judgment record:

Defendant is an oilfield services company providing well-

completion services, including performing hydraulic fracturing of

oil and gas wells and delivering sand to be used in the process

to oil and gas drill sites. Doc. 39 at 6. Houlihan was employed

by defendant as a logistics coordinator from June 2011 until

October 2016. Id. at 7. His primary job responsibility in that

role was coordinating and dispatching trucks carrying sand used

for hydraulic fracturing to and from oil and gas drill sites,

some of which were driven by employees of defendant and others of

4

which were driven by employees of third-party carriers.  Id. at
6.  From the time he was hired until March of 2016, Houlihan's
position was a salaried position.  Id. at 7.  Then, in March of
2016, defendant began paying Houlihan and its other logistics
coordinators hourly.  Id. at 8.

V.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states
that the court shall grant summary judgment on a claim or defense
if there is no genuine dispute of material fact and the movant is
entitled to judgment as a matter of law.  The summary judgment
movant bears the initial burden of showing that there is no
genuine dispute of material fact.  Celotex Corp. v. Catrett, 477
U.S. 317, 323, 325 (1986).  The movant can carry this burden by
pointing out the absence of evidence supporting one or more
essential elements of the nonmovant's claim, "since a complete
failure of proof concerning an essential element of the nonmoving
party's case necessarily renders all other facts immaterial."
Id. at 323.

Once the movant has carried its burden under Rule 56(a), the
nonmovant must identify specific evidence in the record and
articulate the precise manner that creates a genuine dispute of
material fact.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A

5

party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). A fact is material if it might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a rational fact finder could resolve the dispute in favor of either party. Id.

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

VI.

Analysis

A.   The Collective Action Waiver

Defendant's first argument in favor of summary judgment relates to an "Acknowledgment of Receipt of Employee Handbook" ("Acknowledgment") signed by Houlihan, that includes a paragraph entitled "CLASS AND COLLECTIVE ACTION WAIVER." That paragraph states the following:

> I agree that any proceeding to resolve or litigate any dispute, whether in court or otherwise, will be conducted solely on an individual basis, and that I will not seek to have any controversy, claim or dispute heard as a class action, a representative action, a collective action, a private attorney-general action, or in any proceeding in which I act or propose to act in a representative capacity. I further agree that no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding.

Doc. 28 at 27.  Defendant contends that by the plain language of this waiver, and by Houlihan's signing of such, Houlihan has waived his right to join others in litigating his claims against defendant, and instead must pursue his claims on an individual basis.  Doc. 27 at 11.  Houlihan, on the other hand, rejects such contention, and argues that to the extent such waiver is valid, it does not preclude actions, such as the one here, brought by two individual plaintiffs acting on their own behalves, but not on behalf of any other employees similarly situated, in either a

7

collective, representative, or class action, doc. 38 at 454[2],
and, in the alternative, that the waiver is unenforceable as a
matter of law for lack of voluntary assent or mutuality of
obligation or consideration, id. at 455-56. Thus, the questions
become whether the waiver is valid under the FLSA and Texas
contract law, and if so, whether it applies to the present
action.

    1.   Validity of the Waiver

The FLSA provides that "no employer shall employ any of his
employees . . . for a workweek longer than forty hours unless
such employee receives compensation for his employment in excess
of the hours above specified at a rate not less than one and
one-half times the regular rate at which he is employed." 29
U.S.C. § 207(a). An employer violating this provision is liable
for unpaid overtime compensation, as well as liquidated damages.
Id. § 216(b).

The statute further provides that an action to recover from
an employer "may be maintained . . . by any one or more employees
for and in behalf of himself or themselves and other employees
similarly situated[,]" id., thereby providing multiple aggrieved

---

[2] The court has noticed that its copy of Document 38 on the docket in this action, "Brief in Support of Response of Plaintiff Stephen Houlihan to Defendant's Motion for Partial Summary Judgment," bears page numbers that do not match those on the original. Therefore, to avoid any confusion, any references to Document 38 in this Memorandum Opinion and Order will refer to the Page ID Number shown at the top right-hand corner of the ECF document.

employees the opportunity to litigate their claims together.   To participate as a party plaintiff in such an action, an employee must first provide express written consent.   Id.   However, the right to do so is not absolute.   The Fifth Circuit has determined that the right to bring such actions collectively under the FLSA is a procedural one subject to waiver.   Carter v. Countrywide Credit Indus., Inc., 362 F.3d 294, 301 (5th Cir. 2004).

Houlihan does not contest such, rather, he argues in response to defendant's motion for summary judgment that the waiver he signed is unenforceable against him under Texas contract law.   Doc 38 at 455.   He argues that the waiver was not signed voluntarily because he was never informed that he could refuse to sign the document containing the waiver and still keep his job, id., and that no legal consideration for the waiver was given because "[a]t-will employment alone cannot be consideration sufficient to make an agreement . . . enforceable . . . ."   Id. at 456.

Under Texas law, to be enforceable, a contract or agreement requires: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding."   In re Capco Energy, Inc., 669 F.3d 274, 279-80 (5th Cir. 2012) (quoting

Capco Energy, Inc., 669 F.3d 274, 279-80 (5th Cir. 2012) (quoting

Coffel v. Stryker Corp., 284 F.3d 625, 640 n. 17 (5th Cir.

2002)).  Regarding Houlihan's argument that he did not

voluntarily assent to the terms of the waiver, he argues that,

because he was not told that he could keep his job even if he did

not sign the waiver, and because defendant's corporate

representative took no steps "to assure that any assent of

Houlihan or simply [sic] situated employees of [d]efendant was

voluntary . . . . Houlihan did not, as a matter of law,

voluntarily assent to the waiver, or a genuine issue of material

fact has been raised in that regard . . . ."  Doc. 38 at 455.

Houlihan, though, offers no authority, and the court is aware of

none, for the proposition that an employer should take any

particular steps to assure that an employee's waiving of the

procedural right to pursue a claim as part of a collective action

under the FLSA was voluntary.  See Carter, 362 F.3d at 301

(recognizing that Texas law permits an employer to present new or

additional employment terms in a "take it or leave it" type

offer).  In fact, his attestations in his affidavit that he "was

not told that [he] could refuse to [sign] it" and that he signed

the Acknowledgment containing the waiver "only to retain [his]

job[,]" doc. 39 at 58, show that he did have a choice whether to

sign the waiver, and opted to do so because he thought his

signature would lead to a specific and desirable result, his continued employment.

Houlihan also argues that the waiver is not enforceable for lack of consideration or mutuality of obligation. Doc. 38 at 456. He supports this argument by offering evidence, in the form of deposition testimony of defendant's corporate representative, that Houlihan received no other benefit by signing the document containing the waiver, other than his continued employment. Id.; Doc. 39 at 51. And Houlihan only signed the document "to keep his job" and because "he was not told that he could refuse to [complete it]. Doc. 38 at 456; Doc. 39 at 57. He argues, under such circumstances just described, "there was no legal consideration for the waiver[, because a]t-will employment alone cannot be consideration sufficient to make an agreement . . . enforceable . . . ." Doc. 38 at 456.

As the Fifth Circuit has explained:

> To demonstrate a modification of the terms of at-will employment, the proponent of the modification must demonstrate that the other party (1) received notice of the change and (2) accepted the change. In re Halliburton Co., 80 S.w.3d 566, 568 (Tex. 2002). But acceptance need not be anything more complicated than continuing to show up for the job and accept wages in return for work. "When the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit. If the employee continues working with knowledge of the changes, he has accepted the changes as a matter of law." Hathaway v. Gen. Mills, Inc., 711 S.W.2d 227, 229 (Tex. 1986)(cited in Halliburton, 80 S.W.3d at 568).

Kubala v. Supreme Prod. Servs., Corp., 830 F.3d 199, 203 (5th Cir. 2016). Defendant has satisfied such burden. Here, the summary judgment evidence shows, by way of Houlihan's own affidavit, that Houlihan was aware of the waiver and consented to it:

> 4.   On June 6, 2011, I was presented with a document entitled Acknowledgment of Receipt of Employee Handbook and signed it . . . . The 2011 Acknowledgment of Receipt of Handbook did not contain a purported class and collection [sic] action waiver. On August 3, 2015, I was presented electronically with another document entitled Acknowledgment of Receipt of Employee Handbook including a purported class and collective action waiver which did not provide for my actual signature, but only permitted an electronic acknowledgment in a form I cannot recall, which was then apparently translated into a signature that was not consistent with my actual manner of writing my signature. I was not told that I could refuse to complete it. I completed it only to retain my job.

Doc. 39 at 57-58. Thus, it does not matter that defendant's corporate representative stated that there was no additional benefit, other than continued employment, provided in exchange for Houlihan's signing the document. Houlihan signed the document, id. at doc. 28 at 27; doc. 39 at 58, which conspicuously contained the waiver, just above where his signature was to go, and did so because he wanted to retain his job. Doc 39 at 57. He then continued to work and collect a paycheck for over a year. Doc. 39 at 7. Therefore, Houlihan's signing of the waiver is supported by valid consideration. See

12

In re Halliburton Co., 80 S.W.3d 566, 569 (Tex. 2002)(holding

that continued employment after notice of new terms and

conditions of employment is acceptance of those terms and

conditions).

 2.   Applicability of the Waiver to Houlihan's Claims

 In the alternative, Houlihan argues, in response to

defendant's motion for partial summary judgment on his claims,

that if the waiver he signed is enforceable, it does not apply to

the present action.  Houlihan seems to concede defendant's

argument that the right to bring claims arising under the FLSA in

combination with others is a waivable right.  See Carter, 362

F.3d at 301 (holding such right to be procedural and therefore

waivable).  He does not argue that the waiver could not be

enforceable in other situations, but argues instead that the

waiver he signed does not apply to the present action.[3]  Without

citing any authority to support his position, he contends that

"[s]traightforwardly construed, this waiver can only be

considered a bar to an action under the FLSA which an employee of

Defendant seeks to be certified as a collective, or . . .

representative action under the FLSA or a class action under Rule

23 of the Federal Rules of Civil Procedure."  Doc. 38 at 452.

---

 [3]Defendant's motion to for summary judgment discussed at length the fact that the right to
proceed collectively is a procedural, and therefore waivable, right. See Doc. 27 at 11-14.

And that the present action brought by him and Sample is not a
"class action, a representative action, collection action . . .
or . . . any proceeding in which [Houlihan is] act[ing] or
propos[ing] to act in a representative capacity[,]" id., as
contemplated by the language of the waiver, but instead "a two
plaintiff action," doc. 28 at 27.  Thus, he argues, the waiver
does not apply.

Defendant, in its reply to Houlihan's response, argues that
Houlihan mischaracterizes the nature of the action brought by the
two plaintiffs.  In support of its argument, defendant points to
the fact that Houlihan, Sample, and Lewis each filed in the
present action documents titled "Consent to Become a Party
Plaintiff" wherein they each indicated their intent to bring a
collective action as contemplated by the FLSA by their stating
that "pursuant to Section 216(b) of the Fair Labor Standards Act,
29 U.S.C. § 201 et seq. ("FLSA"), and by my signature below, I
hereby consent to the prosecution of claims under the FLSA on my
behalf and in my name against" FTSI.  Doc 17; see 29 U.S.C.
§ 216(b).  Defendant further argues that the waiver applies no
matter how the court categorizes the present action, collective
action or not, brought by Houlihan and Sample.  Doc. 40 at 4.
The court agrees that the distinction is immaterial.  If
Houlihan's and Sample's claims do not constitute a collective

14

action subject to § 216(b)'s affirmative-consent requirement, the waiver still serves as a bar to Houlihan bringing his claims jointly with any other plaintiff, because Houlihan agreed that "'any proceeding to resolve or litigate any dispute, whether in court or otherwise, will be conducted solely on an individual basis' and that 'no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding.'" Doc. 40 at 4. Thus, the granting of summary judgment on Houlihan's claims against defendant, on this ground alone, is proper.

B.   Remaining Grounds of the Motion

Because the waiver signed by Houlihan is valid and enforceable against him, the court finds it unnecessary to reach the remaining grounds of the motion.

VI.

Order

Therefore, for the reasons given above,

The court ORDERS that defendant's motion for partial summary judgment be, and is hereby, granted, and that the claims of Houlihan against defendant be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED December 15, 2017.

_____
JOHN McBRYDE
United States District Judge